## RICKETTS *a.* GREEN.

*Supreme Court, First District ; Special Term, October,* 1857.

### PLEADING.—" ON INFORMATION AND BELIEF."

It is unnecessary, in any case, for the plaintiff to distinguish, in his complaint, the allegations which are made on information and belief.[*]

Application for leave to amend complaint.

ROOSEVELT, J.—The Code (§ 172) provides that " any pleading"—whether sworn to or not—may be " amended by the party of course," if done within the time prescribed ; and on application to the court, " in furtherance of justice," such amendments may be made at any time (§ 173.)

The proposed amendments to the plaintiff's complaint appear to be of the latter character, except those which consist in insert-

---

[*] To the same effect is The New York Marbled Iron Works *v.* Smith (4 *Duer*, 362) But compare Levy *a.* Ley (*post*, 89).

ing the words, on "information and belief." They are clearly unnecessary. The ordinary jurat to the complaint supersedes them. No matter in what form the averment may be made, it is not sworn to positively unless it be in terms an act of the party himself. The common jurat is required merely to insure the *bona fides* of the pleading, and the party's "belief" in, and not his knowledge of, the truth of its statements.

Motion to strike out the amendments, except the words "on information and belief," must therefore be denied, and the amendments, with that exception, allowed to stand.

## BENSON *a.* CROMWELL.

*Supreme Court, First District; General Term, December,* 1857.

VENDOR AND PURCHASER.—JURISDICTION OF COUNTY COURTS.— "SPECIAL CASES."

In an action for specific performance of an agreement for the exchange of lands, where the defendant demanded as affirmative relief, recession of the contract and damages, on the ground of a failure to perform on the plaintiff's part,—*Held,* that the plaintiff having, before the commencement of the action, specified his objections to the defendant's title, in writing, all of which were untenable, he could not avoid a recession of the contract, on the ground of a new objection raised after the action was brought, even though the objection was a sufficient one, it being such that the defendant might, perhaps, have obviated it by releases if it had been raised in time.

The provisions of the Code conferring upon county courts jurisdiction of actions for the foreclosure of mortgages, are not unconstitutional. (Dissenting from Hall *v.* Nelson, 23 *Barb.,* 88.)

The case of Kundolf *v.* Thalheimer (2 *Kern.,* 593), commented on, and explained as not being an authority to the contrary.

What is the meaning of "special cases," in section 16 of article 6 of the Constitution.

Appeal from judgment entered upon the report of a referee, of dismissal of the complaint, and for damages against the plaintiff.

The action was for specific performance. The complaint alleged that the parties had agreed to exchange certain parcels of